**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PAUL MATHIESON,

Petitioner

v. CASE NO. 8:04-CV-265-T-30MAP
8:98-CR-322-T-30MAP

UNITED STATES OF AMERICA,

Respondent.
_______________________________/

**ORDER**

This cause is before the Court on Petitioner's Motion for Leave to File Supplemental Pleading in Excess of Page Limit (Dkt. 54). Petitioner's motion is premised on the Supreme Court's holding in *Shepard v. United States*, __ U.S. __, 125 S.Ct. 1254 (Mar. 7, 2005); *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738, 756 (Jan. 12, 2005) (finding that the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial); *Blakely v. Washington*, 542 U.S. __, 124 S.Ct. 2531, 2537 (Jun. 24, 2004); and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

On February 17, 2005, the Eleventh Circuit entered a decision in *Varela v. United States* addressing the applicability of the Supreme Court's decision in *Blakely* and *Booker* to cases on collateral review, holding that:

> While neither this Court nor the Supreme Court has addressed the retroactivity of *Blakely* or *Booker* in the context of a § 2255 motion, the Supreme Court's recent decision in *Schriro v. Summerlin,* 542 U.S. ----, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), is essentially dispositive. In *Schriro,* the Supreme Court concluded that the new requirement in *Ring v. Arizona,* 536 U.S. 584, 122

S.Ct. 2428, 153 L.Ed.2d 556 (2002), which, like *Blakely* and *Booker,* is an application of *Apprendi*'s principles, does not apply retroactively to cases on collateral review. *Schriro,* 124 S.Ct. at 2526-27.

In *Ring,* the Supreme Court concluded that an Arizona law was unconstitutional under *Apprendi* because it placed in the hands of the judge the power to find any one of ten aggravating factors necessary to trigger the death penalty. The Supreme Court in *Ring* concluded that the Sixth Amendment gave a defendant the right to have a jury find such aggravating sentencing factors beyond a reasonable doubt. *Ring,* 536 U.S. at 609, 122 S.Ct. at 2443.

In *Schriro,* the Supreme Court analyzed the *Ring* rule under *Teague,* and concluded that *Ring*'s jury requirement on aggravating sentencing factors was a new rule of criminal procedure and not a substantive rule. *Schriro,* 124 S.Ct. at 2523. The Supreme Court noted that *Ring* did not alter the range of conduct that the Arizona law subjected to the death penalty. Instead, "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment." *Id.* The Supreme Court then stated that "[r]ules that allocate decisionmaking authority in this fashion are *prototypical procedural rules.* ..." *Id.* (emphasis added).

The Supreme Court's statements in *Schriro* regarding the *Ring* rule also apply to *Booker.* In *Booker,* a majority of the Supreme Court, in an opinion authored by Justice Stevens, concluded that the mandatory nature of the Guidelines made them incompatible with the Sixth Amendment's guarantee to the right to a jury trial where "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict [was not] admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker,* 125 S.Ct. at 756; *In re Anderson,* 396 F.3d 1336, at 1339 (11th Cir. 2005). Similar to the constitutional rule announced in *Ring,* the constitutional rule announced in *Booker* is a "prototypical procedural rule[]." *See Schriro,* 124 S.Ct. at 2523.

A procedural decision may be applied retroactively if it establishes one of those rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro,* 124 S.Ct. at 2524 (quotation marks and citations omitted). In *Schriro,* the Supreme Court noted that "[t]he right to jury trial is fundamental to our system of criminal procedure," but the Court ultimately held that *Ring*'s "jury-not-judge" rule was not a "watershed rule[ ] of criminal procedure" to be applied retroactively. *Id.* at 2526. We now join the Seventh Circuit in concluding that the same is true of *Booker. McReynolds v. United States,* 397 F.3d 479, at 480 (7th Cir. 2005) (concluding that *Booker* does not apply retroactively to cases on collateral

> review and stating that "[a]lthough the Supreme Court did not address the retroactivity question in *Booker,* its decision in *Schriro v. Summerlin,* 542 U.S. ----, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), is all but conclusive on the point").
>
> Therefore, as the Supreme Court concluded in *Schriro,* we conclude that *Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review. *See Schriro,* 124 S.Ct. at 2526-27.

400 F.3d 864, 867-68 (11th Cir. 2005) (footnote omitted).

As to Petitioner's contention that the recent Supreme Court decision in *Shepard v. United States*, __ U.S. __, 125 S.Ct. 1254 (2005), invalidates the rule of *Almendarez-Torres*, entitling him to resentencing, the Court finds Petitioner's arguments unavailing. In *Almendarez-Torres*, the Supreme Court held that a judge (as opposed to a jury) may find the fact of a defendant's prior conviction without violating the Sixth Amendment. 523 U.S. 224, 226-27 (1998). Petitioner argues to the contrary, citing the recent Supreme Court decision in *Shepard v. United States*, __ U.S. __, 125 S.Ct. 1254 (2005) (holding that police reports or complaint applications cannot form the basis for determining whether an earlier guilty plea supports a conviction for "generic burglary" for purposes of imposing an armed career criminal enhancement under the sentencing guidelines.). In a recent decision addressing the viability of *Almendarez-Torres*, the Eleventh Circuit held as follows:

> Camacho's sixteen-level enhancement was based solely on the fact that he had previous convictions. In *Almendarez-Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. *Id.; see also United States v. Marseille,* 377 F.3d 1249, 1257 (11th Cir. 2004). "This conclusion was left undisturbed by *Apprendi, Blakely*, and *Booker.*" *United States v. Shelton,* 400 F.3d 1325, 1329 (11th Cir. 2005). [FN3] Therefore, the district court did not violate Camacho's Sixth Amendment rights by applying the . . . enhancement based on his previous convictions.

> FN3. Although recent decisions, including *Shepard v. United States,* --- U.S. ----, --- S.Ct. ----, --- L.Ed.2d ---- (2005), may arguably cast doubt on the future prospects of *Almendarez-Torres*'s holding regarding prior convictions, the Supreme Court has not explicitly overruled *Almendarez-Torres.* As a result, we must follow *Almendarez-Torres. See Hohn v. United States,* 524 U.S. 236, 252-53, 118 S.Ct. 1969, 1978, 141 L.Ed.2d 242 (1998) ("Our decisions remain binding precedent until we see fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality.").

*United States v. Camacho-Ibarquen*, __ F.3d __, 2005 WL 1297236 (11th Cir. Jun. 2, 2005).

Applying the holding in *Varela* and *Camacho-Ibarquen*, the Court finds that granting Petitioner leave to supplement his § 2255 motion would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *Brewer-Giorgio v. Producers Video, Inc.,* 216 F.3d 1281, 1284 (11th Cir. 2000) (motion to amend may be denied if amendment is futile).

**ACCORDINGLY**, the Court **ORDERS** that Petitioner's Motion for Leave to File Supplemental Pleading in Excess of Page Limit (Dkt. 54) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 1, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished:
Counsel/Party of Record

SA:jsh